United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 17-11029-mdc
Tonneh Tokpah                                                             Chapter 13
            Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2           User: Stacey              Page 1 of 1            Date Rcvd: May 10, 2018
                               Form ID: pdf900           Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 12, 2018.
db             +Tonneh Tokpah,    Philadelphia,    5343 Arlington St,    Philadelphia, PA 19131-3237
cr             +MIDFIRST BANK,    Aldridge Pite LLP,    4375 Jutland Dr,    San Diego, CA 92117-3600

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov May 11 2018 01:48:42     City of Philadelphia,
                City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                Philadelphia, PA 19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 11 2018 01:48:24
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov May 11 2018 01:48:37     U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
cr              E-mail/Text: bankruptcy@phila.gov May 11 2018 01:48:42     City of philadelphia,
                Law Department,    c/o Megan N. Harper,    1401 JFK Blvd., Rm 580,    Philadelphia, PA  19102
cr             +E-mail/PDF: gecsedi@recoverycorp.com May 11 2018 01:50:12     Synchrony Bank,
                c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 5

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 12, 2018                        Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 10, 2018 at the address(es) listed below:
              JACQUELINE M. CHANDLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              MATTEO SAMUEL WEINER    on behalf of Creditor   MIDFIRST BANK bkgroup@kmllawgroup.com
              MEGAN N. HARPER    on behalf of Creditor    City of philadelphia megan.harper@phila.gov,
               karena.blaylock@phila.gov
              MICHAEL ADAM COHEN    on behalf of Debtor Tonneh  Tokpah mcohen1@temple.edu
              REBECCA ANN SOLARZ    on behalf of Creditor   MIDFIRST BANK bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                                      TOTAL: 7

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tonneh Tokpah dba Liberian Shipping Company <br> <u>Debtor(s)</u> | CHAPTER 13 |
| MidFirst Bank <br> <u>Movant</u> <br> vs. | NO. 17-11029 MDC |
| Tonneh Tokpah dba Liberian Shipping Company <br> <u>Debtor(s)</u> | |
| William C. Miller Esq. <br> <u>Trustee</u> | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is

**$3,724.61,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 2018 through April 2018 at $897.87 |
| Related Fees and Costs: | $1,031.00 |
| **Total Post-Petition Arrears** | **$3,724.61** |

2.    The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning May 2018 and continuing through September 2018, until the arrearages are

cured, Debtor(s) shall pay the present regular monthly payment of **$897.87** on the mortgage (or as adjusted

pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being

assessed after the 15th of the month), plus an installment payment of **$620.77** towards the arrearages on or

before the last day of each month at the address below;

MidFirst Bank
999 Northwest Grand Boulevard
Oklahoma City, OK 73118

b).    Maintenance of current monthly mortgage payments to the Movant thereafter.

3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled

checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of

this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the

Debtors may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail

to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.

Date:    April 3, 2018

By:  /s/ Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esq.
Attorney for Movant

Date:  5/1/18

Michael Adam Cohen Esq.
Attorney for Debtor(s)

Date:  5/8/18

William C. Miller Esq.  NO POSITION
Chapter 13 Trustee
Without prejudice to any trustee rights or remedies

Approved by the Court this 10th day of _____ May _____, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman